John B. Scholey, Executor, etc., Respondent, v. Anne E. Mumford, Survivor, etc., Appellant.

Plaintiff's complaint alleged, in substance, that certain bonds belonging to the estate of S., of whose will he was surviving executor, came into defendant's hands as the personal representative of M., a deceased executor, which they refused to deliver up unless plaintiff would pay an unjust claim for commissions, which was disputed by plaintiff, but which he paid in order to obtain the bonds. Defendant's answer alleged, among other things, that an account containing charges for the commissions claimed was delivered to plaintiff at his request, examined by him and admitted to be correct. This allegation, after plaintiff had given evidence that he had always disputed the claim, defendants offered to prove on trial. The offer was rejected. *Held*, error; that the averment in the complaint that the claim was unjust and was disputed was necessary in order to show that the payment was involuntary; and it being put in issue, defendant was entitled to the evidence offered as relevant to that issue.

(Argued March 23, 1876; decided April 4, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported on a former appeal, 60 N. Y., 498.)

The complaint in this action alleged, in substance, that plaintiff and George H. Mumford were the executors of the will of Elizabeth G. Scholey, deceased; that said Mumford died, having in his possession a large amount of United States bonds belonging to the estate, which came into the hands of defendants as his personal representatives; that plaintiff demanded the same, but they refused to deliver them up until certain commissions alleged to be due and owing to the estate of said Mumford, to wit, one-half per cent on the value of the bonds, were paid, which claim was unjust and was disputed by plaintiff, and that plaintiff paid the same in order to obtain possession of the bonds; that he subsequently demanded a return of the money so paid, which was

refused. Defendant's answer denied that they refused to
deliver up the bonds, and alleged in substance that they
offered to deliver up the bonds upon being paid their claim
for commissions and advances; that plaintiff requested
them to make out their account therefor, which they did, and
it was delivered to and examined by plaintiff, and admitted
to be correct, and plaintiff paid the same, and defendants
delivered up the bonds; that if the matter had not been thus
settled and arranged with plaintiff's free and voluntary con-
sent they would not have delivered up the bonds until the
final settlement of the accounts of said Mumford as executor.

Upon the trial evidence was given by plaintiff, among
other things, that he had always disputed the claim for com-
missions. Defendants offered to prove that they never
imposed as a condition for the surrender of the bonds the
payment of the money by plaintiff. This was objected to by
plaintiff's counsel as inconsistent with the answer, and the
offer was excluded, to which defendants' counsel duly excepted.
Defendants' counsel also offered to prove the allegations of the
answer as to the presentation of the account and the admis-
sions as to its correctness by plaintiff. The court excluded
the offer, and defendants' counsel duly excepted. The court
directed a verdict for plaintiff, to which said counsel also duly
excepted. A verdict was rendered accordingly.

*Geo. F. Danforth* for the appellant. It was error to
reject defendants' offer to prove that an account containing
charges for the commissions had been delivered to plaintiff at
his request, and that he had examined it and admitted it to
be correct. ( *Wyman* v. *Farnsworth*, 3 Barb., 369; *Suprs.
Onondaga* v. *Briggs*, 2 Den., 39; *Mowatt* v. *Wright*, 1 Wend.,
355; *Knibbs* v. *Hall*, 1 Esp., 84; *Hall* v. *Shultz*, 4 J. R.,
245; *Harmony* v. *Bingham*, 12 N. Y., 111.)

*F. A. Macomber* for the respondent.

Rapallo, J. After having given due consideration to the
argument of the learned counsel for the appellant as to the

construction of the answer, we remain of the opinion that it admits that the payment of the amount stated in the account rendered for commissions and advances, was required as a condition for the delivery of the bonds to the plaintiff. The offer to prove that the defendants never imposed as a condition for the surrender of the bonds the payment of any money by the plaintiff, was therefore properly rejected.

But the answer contains the further allegation that the account of the commissions and advances claimed by the defendants, was delivered to and examined by the plaintiff and admitted to be correct. This allegation the defendants offered to prove, and the offer was rejected. The complaint averred that among the commissions claimed was the sum of $474.77, being one-half per cent on the value of the bonds; that the claim was unjust and was disputed by the plaintiff. This was a necessary averment to show that the payment was involuntary, and it was expressly denied by the answer. On the first trial as well as upon the last, evidence was adduced by the plaintiff in support of the allegation that he always disputed the claim for these commissions. This was one of the issues in the case, and we think the court erred in refusing to permit the defendants to introduce evidence bearing upon it.

We have examined the other exceptions taken and find no error in the rulings of the court, save in the respect before mentioned. But if the appellant desires a new trial upon the issue whether the claim for these commissions was disputed or admitted by the plaintiff, she is entitled to it.

The judgment should be reversed and new a trial ordered, costs to abide the event.

All concur.

Judgment reversed.